## Case No. 3,053.

### COMLY v. FISHER et al.

[Taney, 121.][1]

Circuit Court, D. Maryland. Nov. Term, 1847.

SALE OF PERSONALTY — CHANGE OF POSSESSION— WRONGFUL ATTACHMENT—MEASURE OF DAMAGES.

1. Where the owner of a factory and store has his agent residing there, holding possession and carrying on the business in the name of his principal: *Held*, that the possession of the agent is the possession of the principal.

2. If the principal assign the goods in such store and factory to the agent, though for a bona fide consideration, still such goods will be liable for the debts of the principal, unless the agent, in some manner, make known to the public, the change of possession, and that he no longer holds the goods as the property of his former principal, but in his own right.

3. If such sale be private, without witnesses, or visible change in the possession or ownership, it will be void as against the creditors of the vendor, until the change in the title, and the character of the possession, be so made known.

4. Where goods seized under an attachment, are proved not to be the property of the person against whom the writ is issued, the measure of damages, in an action against the attaching creditor, is the value of the goods, at the time they were attached, and such further damages, if any, as the jury may find was actually sustained by the plaintiff, by reason of the seizure.

[Cited in First Nat. Bank of Clarion v. Jones, 21 Wall. (88 U. S.) 339.]

5. In such an action, the amount of rent due on the premises, at the time of the seizure, and retained by the sheriff, to be paid to the landlord, ought to be deducted by the jury from the amount of their verdict.

At law. This suit was brought, on the 25th January 1846, by Robert Comly, a resident of the state of Pennsylvania, to recover damages for seizing, taking and carrying away the plaintiff's goods. The defendants [Alexander Fisher, William D. Miller, and William E. Mayhew, Jr.] pleaded not guilty.

The facts of the case may be briefly stated as follows: Prior to the 25th April, 1846, Samuel Comly, of Philadelphia, was the proprietor of Rockland Factory, and of the store in which were the goods in question, at the time of their seizure; Robert Comly, the plaintiff, resided at the factory, and was in possession of the goods, and carried on the factory and store, as the agent and under the name of Samuel Comly. On the 22d of that month, Samuel Comly sold the factory and store to Thomas J. Folwell, who sold the same, on the same day, to Robert Comly, the plaintiff, and he continued the

business under the old name. On the 5th of August following, the defendants, who were creditors of Samuel Comly, sued out a writ of attachment and seized, under said attachment, the goods in the store and the machinery in the factory, claiming the same as the property of Samuel Comly. The said defendants insisted that the sale by Samuel Comly to Folwell, and by Folwell to the plaintiff, was without consideration, and intended to hinder and delay the creditors of the former, and therefore void; and also that, inasmuch as these sales effected no ostensible change in the ownership of the property, the vendee having been, at the time, in possession thereof, as agent of the vendor, and no notice of such change of property having been given to the public, the same, even if an actual sale, would not affect the rights of the vendor's creditors, who had no notice thereof. At the time of the seizure under the attachment, the sheriff closed the factory and store, and the object of this suit was to recover, not only the value of the property seized, but also the damages sustained by the plaintiff in the breaking up of his business.

The following prayers were made to the court:

Plaintiff's prayers: "1. If the jury find from the evidence that, on the 22d day of April 1846, Thomas J. Folwell, by purchase from Samuel Comly, for a fair and bona fide consideration, was entitled to the store, and the goods and effects therein, and to the machinery in the factory, at Rockland; and that, being so entitled, he took possession thereof, and on the same day, sold the same, fairly and bona fide, to Robert Comly, the plaintiff, who was then, and continued afterwards, in the possession thereof, claiming title to the same; and shall further find that, on the 5th day of August 1846, the goods and property mentioned in the schedule offered in evidence, were seized by the sheriff of Baltimore county, by the authority, or under the direction, and with the consent of the defendants; and that the said goods and property were taken possession of by said sheriff, and the store-room and factory in which they were contained locked and shut up, so as to deprive the plaintiff of the control of said goods and property; that then the plaintiff is entitled to recover such damages as the jury, under the circumstances of the case, may think just to allow. 2. That in estimating such damages, should the jury find the facts stated in the foregoing prayer, they are to regard the actual value of the goods and property seized, and the loss to the plaintiff resulting from the breaking up of his business; and should they believe said seizure to have been made wantonly, and with notice of the claim of the plaintiff, that then they may find exemplary damages."

Defendants' prayers: "1. That the proceedings in Baltimore county court, on the

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

attachment issued by the present defendants against Samuel Comly (a transcript whereof is in evidence), are conclusive against the right of the plaintiff to recover in this action. 2. That it is competent for the jury to find from the evidence, that the alleged agreements between the said Samuel Comly and Thomas J. Folwell, and between the said Folwell and the plaintiff (if any such agreements were actually made) were made by the parties aforesaid with intent to delay, hinder and defraud the creditors of the said Samuel; and if such alleged agreements are found to have been made with intent as aforesaid, then the same are fraudulent and void as against the present defendants. 3. That the alleged agreement between the said Comly and Folwell (if any such agreement is found by the jury to have been made) is fraudulent and void as against the defendants, unless the jury shall also find that the said Folwell, pursuant to said agreement, did obtain the actual and exclusive possession of said goods. And if the jury shall find that, at the time of making the alleged agreement between the said Comly and Folwell (if any such agreement was actually made) the said goods were in the actual custody and possession of the plaintiff, holding them as agent of, and for the said Comly, and that after making the said agreement, and without entering into the actual and exclusive possession of the said goods, the said Folwell agreed to sell said goods to the plaintiff, in manner as stated in evidence by him, then that said agreements are fraudulent and void as against these defendants. 4. If the jury shall find from the evidence that the goods in question were the property of the plaintiff, at the time of the seizure thereof, under the writ of attachment of the present defendants, issued out of Baltimore county court as aforesaid, and that the defendants caused said goods to be seized as aforesaid, under an impression fairly entertained that they were the property of the said Samuel Comly, and in the fair pursuit of their supposed legal rights, the measure of damages to be assessed by the jury will be the value of the goods at the time of seizure, with interest from that date; and that the defendants will be entitled to a deduction for the sum retained by the sheriff, to be paid over to the landlord of the premises whereon said goods were found, at the time of seizure as aforesaid."

The court rejected the prayers of the plaintiff, and also those of the defendants, and instructed the jury as follows.

J. Glenn and S. H. Taggart, for plaintiff. Th. S. Alexander and Wm. F. Frick, for defendants.

TANEY, Circuit Justice. 1. It being admitted that the goods in question were the property of Samuel Comly, of Philadelphia, from the 13th of March 1846, to the 20th of April in the same year, and that, during that time, the plaintiff, as agent of Samuel Comly, resided at the factory mentioned in testimony, and held possession of the said goods, and carried on the business of the factory for and in the name of the said Samuel Comly —the possession of the plaintiff, during that time, was the possession of Samuel Comly. And if the jury find that the sales by Samuel Comly to Folwell, and by Folwell to the plaintiff, were bona fide and upon the valuable consideration stated in the plaintiff's testimony, still the said goods were liable for the debts of Samuel Comly, unless the jury find that the plaintiff had, in some mode or other, made known to the public the change of possession, and manifested that he no longer held the property as the property of Samuel Comly, and for him, but in his own right. The sale and delivery to Folwell, and by him to the plaintiff, being private, and without witnesses to either, and producing no visible change in the possession or ownership, the said sales were fraudulent and void as against the creditors of Samuel Comly, until the change in the title and the character of the possession was made known as above stated.

2. If the jury find that the sales alleged to have been made by Samuel Comly to Folwell, and by him to the plaintiff, were collusive, and intended to hinder, delay or defraud the creditors of Samuel Comly, then the said sales were fraudulent and void as against the creditors of Samuel Comly, and the plaintiff is not entitled to recover.

3. If, under the above directions of the court, the jury find that the plaintiff is entitled to recover, the measure of damages is the value of the property at the time it was attached, with interest to this time, and such further damages, if any, as the jury may find was actually sustained by the plaintiff, by breaking up the business in which he was engaged, deducting from the amount the rent due on the premises at the time the attachment was laid.

Judgment of nonsuit.